**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOWARD LEE WHITE, | No. 18-16899 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00573-MMD-WGC |
| v. | |
| ROMEO ARANAS; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| ISIDRO BACA, Warden; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted June 7, 2019**

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Howard Lee White, a Nevada state prisoner, appeals pro se from the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs and negligence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because White failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent or negligent to White's dietary needs. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *DeBoer v. Senior Bridges of Sparks Family Hosp.*, 282 P.3d 727, 732 (Nev. 2012) (setting forth the elements of a traditional negligence claim under Nevada law).

White's motion to substitute party (Docket Entry No. 16) is denied.

**AFFIRMED.**